# In The
# United States Court Of Appeals
# For The Sixth Circuit

◆

## CASE NOˢ: 14-2120 & 14-2152

◆

# LOUIS LEONOR,
*Plaintiff-Appellee Cross-Appellant,*

v.

# PROVIDENT LIFE AND ACCIDENT COMPANY; PAUL REVERE LIFE INSURANCE COMPANY,
*Defendants-Appellants Cross-Appellees.*

◆

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN AT DETROIT

◆

### FOURTH BRIEF OF THE APPELLEE CROSS-APPELLANT

◆

**Michael Max Jacob**
3001 W. Big Beaver Road,
Suite 624
Troy, MI 48084-0000
248-244-0172

**Jeffrey D. Wilson**
3001 W. Big Beaver Road,
Suite 624
Troy, MI 48084-0000
248-244-0173

*Counsel for Appellee Cross-Appellant*

*Appellate Advisors*   312 Walnut Street Suite 1600 Cincinnati, OH 45202
513-762-7626◆◆◆800-279-7417

TABLE OF CONTENTS

TABLE OF AUTHORITIES.............................................. ii

INTRODUCTION....................................................... 1

ARGUMENT........................................................... 3

    I.    Appellants Agree That The District Court Erred In Concluding That Leonor Was Not Entitled To Penalty Interest............... 3

    II.   Leonor's Complaint Stated A Proper Fraud In The Inducement Claim........................................................ 4

        A.   Appellants Misconstrue Leonor's Fraud Claim................ 4

        B.   Appellants' Brief Incorrectly Suggests That A Plaintiff Can Never Maintain An Action For Fraud When The Fraud Is Related To A Contract..................................... 6

        C.   Appellants' Cases Are Inapposite........................... 8

        D.   Leonor Sufficiently Plead That His Fraud Claim Is Based On A Present Undisclosed Intent Not To Perform............ 9

        E.   Leonor Reasonably Relied On The Agent's Representation About The Scope Of The Policies.......................... 10

CONCLUSION........................................................ 13

CERTIFICATE OF SERVICE AND FILING................................. 14

CERTIFICATE OF COMPLIANCE......................................... 15

ADDENDUM -- DESIGNATION OF LOWER COURT DOCUMENTS.................. 16

## TABLE OF AUTHORITIES

**CASES**                                                        **PAGE**

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 554 (2007). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

*Brock v. Consol. Biomedical Labs*,
    817 F.2d 24 (6th Cir. 1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Casey v. Auto-Owners Ins. Co.*,
    729 N.W.2d 277 (Mich. Ct. App. 2006). . . . . . . . . . . . . . . . . . . . . . . 9

*Foreman v. Foreman*,
    701 N.W.2d 167 (Mich. Ct. App. 2005). . . . . . . . . . . . . . . . . . . . . . . 2

*Greenberg v. Life Ins. Co. of Virginia*,
    177 F.3d 507 (6th Cir. 1999). . . . . . . . . . . . . . . . . . . 1, 2, 6, 9, 10, 11, 12

*Huron Tool and Engineering Company v. Precision Consulting Servs.*,
    532 N.W.2d 541 (1995). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

*JAC Holding Enterprises, Inc. v. Atrium Capital Partners, LLC*,
    997 F. Supp. 2d 710 (E.D. Mich. 2014). . . . . . . . . . . . . . . . . . . . . . 7, 8

*Llewellyn-Jones v. Metro Prop. Grp., LLC*,
    22 F. Supp. 3d 760 (E.D. Mich. 2014). . . . . . . . . . . . . . . . . . . . . . . 6, 7

*Merchants Publ'g Co. v. Maruka Mach. Corp. of Am.*,
    800 F. Supp. 1490 (W.D. Mich. 1992). . . . . . . . . . . . . . . . . . . . . . . . 9

*Perceptron, Inc. v. Sensor Adaptive Machines, Inc.*,
    221 F.3d 913 (6th Cir. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Samuel D. Begola Servs., Inc. v. Wild Bros.*,
    534 N.W.2d 217 (Mich. Ct. App. 1995). . . . . . . . . . . . . . . . . . . . . . . 7

*Theuerkauf v. United Vaccines*,
    821 F. Supp. 1238 (W.D. Mich. 1993).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Thompson v. Bank of Am., N.A.*,
    773 F.3d 741 (6th Cir. 2014). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Yaldu v. Bank of Am. Corp.*,
    700 F. Supp. 2d 832 (E.D. Mich. 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

**STATUTES**

Mich. Comp. Laws § 500.2006(4). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

**RULES**

Fed. R. Civ. P. 12(b)(6). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Plaintiff-Appellee/Cross-Appellant Louis Leonor, DDS ("Leonor") submits this Fourth Brief in reply to arguments made by Defendants-Appellants/Cross-Appellees Paul Revere Life Insurance Company and Provident Life and Accident Insurance Company ("Appellants") related to Leonor's cross-appeal.

## INTRODUCTION

Leonor raised two separate issues in his cross-appeal. First, Leonor explained that—although the district court properly granted summary judgment in his favor on his breach of contract claim (Count I) because his inability to practice dentistry entitles him to total disability benefits—the district court erred by not adding statutory penalty interest to the judgment. Second, Leonor explained that—although the issue would become moot if this Court affirms summary judgment in favor of Leonor—the district court prematurely dismissed with prejudice his alternatively-pled fraud claim (Count II). Appellants concede the former argument and fail to directly address the latter argument.

As for the latter, the bulk of Appellants' arguments suggest that a plaintiff can never maintain a tort action where the tort relates to an insurance contract between the parties. Obviously, that is not the law, as fraudulent inducement is a well-recognized cause of action. *See, e.g., Greenberg v. Life Ins. Co. of Virginia*, 177 F.3d 507, 517 (6th Cir. 1999) (reversing district court's dismissal because

plaintiffs stated a claim for fraud based on allegations that insurance agent's representations induced plaintiffs to enter into the insurance policies).[1]

Here, just as in *Greenberg*, Leonor was duped into purchasing the Three Policies based on statements and assurances made by Appellants regarding the policies that he was purchasing. And just as in *Greenberg*, even where the Appellants attempt to pull a "bait-and-switch" or raise a "gotcha" argument based on the terms of the policies themselves, a fraudulent inducement claim should proceed. Indeed, as explained in more detail below, Leonor's alternatively-pled fraud claim implicates duties that are separate and distinct from those that arise under the insurance policy. Leonor was entitled to discovery on his fraud in the inducement claim or should have, at the very least, been given a chance to replead his claim.

Therefore, if and only if this Court reverses the summary judgment granted in Leonor's favor, this Court should remand Count II to the district court for discovery or leave to replead.

---

[1] The fraud claim in *Greenberg* was governed by Ohio law, but there are no meaningful distinctions between Michigan law and Ohio law as to the elements of a fraud claim. *Compare Greenberg*, 177 F.3d at 515 *with Foreman v. Foreman*, 701 N.W.2d 167, 175 (Mich. Ct. App. 2005). Moreover, Leonor's reliance on *Greenberg* is not for the merits of his case, but rather that his pleadings were sufficient to withstand a motion to dismiss, which implicates Federal pleading standards.

# ARGUMENT

## I. Appellants Agree That The District Court Erred In Concluding That Leonor Was Not Entitled To Penalty Interest.

Appellants concede that if the district court correctly granted Leonor's motion for summary judgment on Count I, then Leonor is automatically entitled to penalty interest under Mich. Comp. Laws §500.2006(4). (6R.28, Appellants' Third Brief, Page: 37-38.)[2] As explained in Leonor's Response Brief, the district court properly concluded Leonor was totally disabled under the insurance policies at issue because he can no longer practice dentistry.[3] This Court should therefore reverse only with respect to the calculation of penalty interest and remand so that the district court can calculate penalty interest. *See Perceptron, Inc. v. Sensor Adaptive Machines, Inc.*, 221 F.3d 913, 924 (6th Cir. 2000).

---

[2] This refers to docket number 28 in this Sixth Circuit proceeding, which is the Third Brief that contains Appellants reply on their appeal and response to Leonor's cross-appeal. "Page: _" refers to the page number listed in the ECF header. Hereinafter, this will be cited as "3d Brief at X" where X also represents the page number in the ECF header.

[3] Incredibly, Appellants shift gears and now argue for the first time (in both the district court and here) that alternatively this Court should remand on Count I to resolve a factual dispute as to what duties are important. (3d Brief at 12.) Appellants newly requested relief has not only been waived but should be rejected because it is undisputed that Leonor cannot practice dentistry and is therefore entitled to total disability benefits.

## II. Leonor's Complaint Stated A Proper Fraud In The Inducement Claim.[4]

Leonor's alternatively-pled fraud claim sought redress for Appellants' false statements that induced Leonor to purchase the Three Policies, which is separate from Appellants' contractual obligations under the Three Policies. The district court failed to appreciate this distinction and therefore prematurely dismissed with prejudice Leonor's fraud claim. Simply put, a fraudulent inducement cause of action protects a party that was duped into a contract, as Leonor was here. Count II should be remanded for discovery or Leonor should be given a chance to replead his fraudulent inducement claim.

### A. Appellants Misconstrue Leonor's Fraud Claim.

Appellants do not dispute: (1) that Leonor purchased three occupational disability benefits from Appellants and timely paid all premiums for roughly two decades; (2) that Leonor listed his occupation as "Dentist" on all three applications and noted that he owned his own practice; and (3) that in March 2009 Leonor became unable to practice dentistry due to injury.

During the claims process—after initially concluding that Leonor was totally disabled because he could no longer practice dentistry and paying those benefits for two years—Appellants initiated an internal claim review, reclassified Leonor's occupation as an "Dentist and Owner/Operator," and terminated benefits because

---

[4] As indicated above, this portion of Leonor's cross-appeal is moot if this Court affirms the district court's order granting Leonor summary judgment on Count I.

4

Leonor could perform managerial duties. (R.39-7, Proactive Review, Pg. ID #1218.)[5]

Leonor subsequently filed a complaint against Appellants. In Count I (Breach of Contract), Leonor asserted that he was totally disabled under the terms of the insurance policies because he could no longer practice dentistry. In Count II (Fraud and Misrepresentation), Leonor asserted that Appellants induced him to purchase the policies in the first place based on representations that he would be entitled to total disability benefits if he could no longer practice dentistry.

Thus, Leonor pled Counts I and II in the alternative. Once the district court concluded on summary judgment that Leonor's inability to practice dentistry entitled him to total disability benefits under the terms of the policies, Count II

---

[5] This reclassification came only after Appellants received Leonor's tax returns and realized he was earning investment income, requested an IME, and unsuccessfully challenged the medical basis for Leonor's disability. And contrary to Appellants argument that this reclassification was done after they "discovered" or "uncovered" Leonor's pre-disability income (3d Brief at 15, 21), this reclassification was done using information that Leonor had provided Appellants in his applications decades ago and information that was included in submissions initiating the claims process. (*See, e.g.*, R.33-2, Application No. 162258, Pg. ID #944 (Leonor's 1990 application stating he owned 100% of his dentistry business); R.36-2, Claimant's Statement, Pg. ID ##1122-24 (Leonor's claim submission showing he performed management duties for his six dental offices).) Thus, Appellants disingenuous attempt to make Leonor look like he was hiding the ball is a red herring. Rather, Appellants mislead Leonor when he was purchasing the policies and then consistently changed positions during the claims process to weasel out of paying benefits. Indeed, as this case demonstrates, Appellants propose an interpretation of their policy (that they drafted) where they can always identify one important duty that an insured can perform and therefore never have to pay total disability benefits.

became moot, actually validating the alternatively-pled misrepresentations because Leonor received what was represented to him. Leonor's cross-appeal respectfully requests that if and only if this Court does not affirm the district court on Count I, then this Court should remand Count II for discovery regarding the representations that induced Leonor to purchase the policies in the first place. Construing the facts in the light most favorable to Leonor, Count II states a claim upon which relief can be granted.

### B. Appellants' Brief Incorrectly Suggests That A Plaintiff Can Never Maintain An Action For Fraud When The Fraud Is Related To A Contract.

Appellants' want this Court to believe that a fraud claim can never be sustained when a contract exists. To the contrary, a party should survive a motion to dismiss where the party has put forth well-pleaded facts that the party was fraudulently induced to enter a contract. Indeed, as stated above, this Court in *Greenberg* reversed where the district court dismissed an adequately pleaded fraud in the inducement claim even though the party also asserted defendant breached the insurance policy that plaintiff was fraudulently induced into. 177 F.3d at 517, 519.

Likewise, in *Llewellyn-Jones v. Metro Prop. Grp., LLC*, 22 F. Supp. 3d 760, 778 (E.D. Mich. 2014), the court denied defendants motion to dismiss a fraud claim where plaintiff also asserted a contract claim. The court explained:

6

"Michigan courts have recognized an exception to the economic loss doctrine for the intentional tort of fraud in the inducement. Fraud in the inducement ... addresses a situation where the claim is that one party was tricked into contracting. It is based on pre-contractual conduct which is, under the law, a recognized tort." *Id*. at 778; *see also JAC Holding Enterprises, Inc. v. Atrium Capital Partners, LLC*, 997 F. Supp. 2d 710, 730 (E.D. Mich. 2014) (denying motion to dismiss fraud claim: "presence of a merger clause in a written contract will not preclude a claim for fraud in the inducement where the plaintiff can show that it would have avoided the agreement entirely under the terms ostensibly agreed to, in the absence of the defendant's fraudulent representations."); *Samuel D. Begola Servs., Inc. v. Wild Bros.*, 534 N.W.2d 217, 219 (Mich. Ct. App. 1995) (affirming trial court's finding that party was fraudulently induced into contract).

Here, Leonor is not seeking double recovery through Count II. Nor is Leonor alleging Count II based upon the same actions that constitute a breach of contract. Count II was pled alternatively in the event that a Court would determine that Leonor's inability to practice dentistry does not entitle him to total disability benefits under the terms of the policy. Under those circumstances, Count II was asserted to address the false statements that induced Leonor to purchase the policies in the first place (*i.e.*, the representations that the policies were covering his dental occupation). Indeed, Appellants cannot make statements to dupe

7

individuals into purchasing their policies, assure that individual what they are buying, pull a bait-and-switch, and then limit that individual's remedy based on terms of the policy that the individual would have never purchased in the first place had he known the representations were false. Simply put, Leonor would not have purchased the policies at issue if they did not insure his occupation as a dentist, which is distinguishable from his breach of contract claim. *JAC Holding*, 997 F. Supp. 2d at 730.

### C. Appellants' Cases Are Inapposite.

As explained above, fraud claims can be maintained based on a defendant's actions that fraudulently induced a plaintiff to execute the contract. The cases cited by Appellants are readily distinguishable because of the conduct the tort claim was based on. In *Brock v. Consol. Biomedical Labs*, 817 F.2d 24 (6th Cir. 1986), the plaintiffs alleged that the defendant negligently performed the contract, which Michigan does not recognize as a cause of action. The plaintiffs' misrepresentation claim had been decided following a bench trial, which was not at issue in the appeal. *Id*. at 25. Likewise in *Huron Tool*, the fraudulent representations were indistinguishable from the terms of the contract and warranty that plaintiff alleges were breached. 532 N.W.2d at 546. No allegations were made by the plaintiff that the misrepresentations fraudulently induced the plaintiff into the contract. *Id*. at 544-545. Had such allegations by made, the conduct

would have been based on pre-contractual conduct, which would have been separate from the breach of contract claim. *Id*. at 544.

Similarly in *Casey v. Auto-Owners Ins. Co*., 729 N.W.2d 277, 281 (Mich. Ct. App. 2006), the defendant-insurance company reduced the limits on the plaintiffs' insurance policy. The trial court denied the plaintiffs' request to add 23 causes of action because all of the claims stemmed from the bad faith execution of the contract. *Id*. at 286. No allegation had been made that the plaintiffs were fraudulently induced into executing the contract. The same is true for *Merchants Publ'g Co. v. Maruka Mach. Corp. of Am.*, 800 F. Supp. 1490 (W.D. Mich. 1992), and *Theuerkauf v. United Vaccines*, 821 F. Supp. 1238 (W.D. Mich. 1993). Indeed, these cases all support Leonor here; fraud in the inducement is a valid cause of action and should not have been dismissed with prejudice at the outset of the case.

### D. Leonor Sufficiently Plead That His Fraud Claim Is Based On A Present Undisclosed Intent Not To Perform.

Leonor sufficiently pled factual allegations to support his allegations that he was fraudulently induced into executing the contract. Indeed, Appellants arguments seem to focus on the merits of his claim (with no discovery) rather than whether Leonor has, or could, plead any set of facts that would entitle him to relief. *Greenberg*, 177 F.3d at 516-17. Here, even if the facts related to Appellants' intent to not perform were insufficient under *Bell Atlantic Corp. v. Twombly*, 550

9

U.S. 554, 570 (2007), Leonor should be given an opportunity to amend the complaint to make such factual allegations. However, the trial court dismissed Leonor's fraud count with prejudice. (R.16, Dismissal Opinion, Pg. ID #194.) This prevented Leonor from amending the complaint. Leonor should have been given an opportunity to amend his complaint before the fraud count was dismissed with prejudice. *Yaldu v. Bank of Am. Corp.*, 700 F. Supp. 2d 832, 845 (E.D. Mich. 2010). Alternatively, the more prudent course would have been for the district court to allow discovery and decide Count I and II together at summary judgment. In any event, Appellants' concerns Appellants regarding whether factual allegations to support Leonor's fraud claim were adequately pled can be addressed on remand by amending the complaint and should not be evaluated here on appeal for the first time.

### E. Leonor Reasonably Relied On The Agent's Representation About The Scope Of The Policies.

Appellants' contend that it was unreasonable to rely on misrepresentations about the Three Policies based on certain definitions and provisions in the Three Policies. (3d Brief at 35-36.) However, this Court rejected this same argument in *Greenberg* where it reversed the district court's dismissal and remanded for factual development. 177 F.3d at 516-17. Indeed, such an inquiry is improper at the dismissal stage, as the "appropriate analysis [] requires asking the less demanding question of whether, taking all of the well-pled allegations as true, the [plaintiff]

can prove any set of facts in support of their claim that would entitle them to relief." *Id*. Indeed, under Rule 12(b)(6), factual allegations must be accepted as true in the light most favorable to the nonmoving party. *Thompson v. Bank of Am., N.A.*, 773 F.3d 741, 750 (6th Cir. 2014). Thus, Leonor's reliance asserted in the complaint must be accepted as true as there have been no assertions that the allegations in the complaint were insufficient.

Regardless, Leonor's reliance was reasonable. In his applications for the Three Policies, Leonor disclosed to Appellants that he owned his employer (R.33-2, Application No. 162258, Pg. ID #944; R33-3, Application No. 33527, Pg. ID #977). So Appellants were aware that Leonor was a licensed dentist who also performed additional duties relating to his ownership of the practice. As the other duties supplemented his dental practice, Leonor purchased the Three Policies to protect against the possibility that he may one day be unable to practice dentistry; he did not purchase the Three Policies to insure against managing an office or investments. Leonor alleged that he relied on assertions that the Three Policies would offer such protections, which was reasonable because the agents selling the Three Policies would be more familiar with the intricacies of the Three Policies. It is not that the agents were changing the Three Policies or waiving provisions as Appellants allege. (3d Brief at 36.) Instead, Appellants and its agents are more familiar with the policies and have a better understanding that allows Appellants

and its agents to answer questions a potential purchaser, such as Leonor, may have. As such, it is reasonable to rely on representations made by Appellants and its agents in relation to the coverage the Three Policies may offer, especially when Appellants and its agents were aware from the beginning that Leonor had some ancillary duties related to his dental practice.[6]

Finally, Appellants argue that dismissal was proper because the remedy for fraud would be to void the policies rather than payment of benefits. Appellants seem to be putting the cart before the horse. Leonor's cross-appeal is arguing that the fraud count should have proceeded through discovery or at the least been dismissed without prejudice. The issue of what damages would be available is better saved for another day. Indeed, even if voiding the policies was the only available remedy (it is not), Leonor would still be entitled to recover the premiums he paid for nearly two decades and would not warrant outright dismissal.

Thus, as this Court did in *Greenberg*, this Court should reverse the district court because Leonor's allegations sufficiently allege a cause of action for fraudulent inducement.

---

[6] Leonor was never even able to depose the agents because Count II was dismissed at the outset prior to discovery.

## CONCLUSION

For the reasons stated in Leonor's response brief and this reply, Leonor respectfully requests that this Court affirm the district court's grant of summary judgment in Leonor's favor but reverse to the extent that the district court denied penalty interest. Alternatively, Leonor requests that this Court reverse the district court's dismissal of his fraud claim if and only if this Court reverses the district court's grant of summary judgment in Leonor's favor.

Dated: February 6, 2015      Respectfully submitted,

By: */s/ MICHAEL M. JACOB*
MICHAEL M. JACOB (P15391)
JEFFREY D. WILSON (P56376)
3001 W. Big Beaver Road, Ste. 624
Troy, Michigan 48084

# CERTIFICATE OF SERVICE AND FILING

In compliance with FRAP Rule 25 and L.R. 25 I hereby certify that on this 6th day of February 2015, I electronically filed with the Clerk's Office of the United States Court of Appeals for the Sixth Circuit this FOURTH BRIEF OF THE APPELLEE/CROSS- APPELLANT, and further certify that opposing counsel will be notified of this filing through the Notice of Docket Activity generated by this electronic filing.

Respectfully submitted,

By: */s/  MICHAEL M. JACOB*
MICHAEL M. JACOB (P15391)
JEFFREY D. WILSON (P56376)
3001 W. Big Beaver Road, Ste. 624
Troy, Michigan  48084

*Counsel for Appellee Cross-Appellant*


COUNSEL SERVED:
K. Scott Hamilton
DICKINSON WRIGHT
500 Woodward Avenue
Suite 4000
Detroit, MI 48226

313-223-3500

*Counsel for Appellant Cross-Appellee*

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(a)(7)(B)-(C) and 6 Cir. R. 32(a), the undersigned certifies that this brief complies with the type limitations of these Rules.

1. Exclusive of the exempted portions in Fed. R. App. P. 32(a)(7)(i) and (iii), the brief contains 3,002 words in its entirety.

2. The brief has been prepared in 14-point Times New Roman typeface using Microsoft Word.

3. If the Court so requests, the undersigned will provided an electronic version of the brief and/or a copy of the word or line printout.

4. The undersigned understands a material misrepresentation in completing this certificate of the Fed. R. App. P. 32(a)(7)(B)-(C) and 6 Cir. R. 32(a), may result in the Court's striking the brief and imposing sanctions against the person signing the brief.

By: /s/ MICHAEL M. JACOB
MICHAEL M. JACOB (P15391)
JEFFREY D. WILSON (P56376)
3001 W. Big Beaver Road, Ste. 624
Troy, Michigan  48084

## ADDENDUM -- DESIGNATION OF LOWER COURT DOCUMENTS

| District Court Record # | Description of Document | Pg. ID Range |
|---|---|---|
| R.16 | Dismissal Opinion | 188-95 |
| R33-2 | Sealed Exhibit Attachments | 944 |
| R.33-3 | Sealed Exhibit Attachments | 977 |
| R.36-2 | Sealed Exhibit Attachments | 1122-24 |